**John BOWLING et al., Appellants,**

**v.**

**Rile GAYHEART, Appellee.**

Court of Appeals of Kentucky.

May 28, 1965.

Rehearing Denied Dec. 17, 1965.

D. G. Boleyn, Hazard, for appellants.

Don A. Ward, Hazard, for appellee.

MILLIKEN, Judge.

This is essentially a fact case and involves the determination of a boundary line by the trial judge without a jury.

The land is located on Lost Creek in Perry County, west of the confluence of Laurel Branch. The appellee claims the land in dispute by a 1923 deed from Bob and Sithie Gayheart. The appellant claims title under a 1952 deed from Napoleon and Polly Gayheart. The deed from Gayheart to Bowling gives the following description of the disputed line: (from a rock and oak tree marked X) "thence a straight line to a rock marked X on the bank of Main Lost Creek." There was extensive proof introduced by the appellee which established the rock as the corner marker of the disputed line.

The appellants' proof did not dispute the existence of the rock, but was slanted toward fraud and mutual mistake. Appellants tried to establish their boundary by deeds of adjoining land, as well as their own deed. Appellants also had a survey made by an engineer, who testified he did not find the rock marker where, according to his survey, it should have been. Appellants, during the time of their occupancy, constructed several small buildings on the land.

The evidence shows that appellee had, some years previous to this action, instituted a similar action against appellants over the same land. The Court records show that the suit was dismissed. It was shown in the evidence that the parties had reached an oral agreement the terms of which are in dispute. However, rents were paid by appellants to the appellee and a son of the appellants paid appellee $5 a month for about two years for the use of gasoline pumps on the disputed tract.

Based on this evidence, the trial judge entered a judgment in favor of the appellee on the ground that natural objects prevail over distances in the determination of boundary lines and that the appellee presented sufficient evidence to identify the natural objects and to establish their location on the land in positions which established his title to the disputed area. We conclude that the trial court's findings are correct.

The judgment is affirmed.